# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30044
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2019

Lyle W. Cayce
Clerk

RON ZOLLER,

  Plaintiff - Appellant

v.

T.H.E. INSURANCE COMPANY; SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,

  Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-1837

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

  Ron Zoller appeals the district court's grant of summary judgment in favor of T.H.E. Insurance Company and Selective Insurance Company of South Carolina. For the reasons that follow, we AFFIRM.

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30044

## I.

While driving his car, appellant Ron Zoller was rear-ended by Charles Nikolauzyk. At the time of the accident, Nikolauzyk was driving a truck pulling a Millennium Concession Trailer (the "Millennium trailer"). The CEO of Schantz Manufacturing, Inc. ("Schantz"), the company that manufactured the trailer, described the trailer as "essentially a mobile kitchen on wheels," which was "designed primarily for food preparation and service while in a stationary position." Nikolauzyk was towing the trailer for his employer, Newsom Trucking, who was delivering the trailer on behalf of Schantz to Ray Cammack Shows.

Zoller sued Nikolauzyk, the owners of Newsom Trucking, and their insurer in Louisiana state court. Defendants removed the case to federal court. Zoller later amended his complaint to add several other parties as defendants, including appellees T.H.E. Insurance Company ("T.H.E.") and Selective Insurance Company of South Carolina ("Selective"). T.H.E. provided insurance to Ray Cammack Shows, while Selective provided insurance to Schantz. Both T.H.E. and Selective moved for summary judgment. Selective argued, among other things, that its policy did not cover the trailer because it was "mobile equipment," as opposed to an "auto," the former of which is excluded from the policy. The district court agreed and entered summary judgment in Selective's favor on that basis. T.H.E., whose policy is substantially identical to Selective's, raised this same argument, and the district court entered summary judgment in T.H.E.'s favor on the same basis.[1]  Zoller appeals the dismissals of T.H.E. and Selective.

---

[1] The district court found a genuine dispute of fact, however, on the issue of who—Schantz or Ray Cammack Shows—owned the trailer at the time of the accident. T.H.E. seeks to dispute this conclusion on appeal. We do not reach this issue: because we agree with the district court that the Millennium trailer was excluded from both policies, it is immaterial for purposes of this appeal who owned the trailer at the time of the accident.

No. 19-30044

## II.

The only issue in this appeal is whether the Millennium trailer was an "auto" or "mobile equipment" for purposes of T.H.E.'s and Selective's respective policies with Schantz and Ray Cammack Shows. If it is the former, then it falls within the scope of the policies' coverage. If it is the latter, it is excluded.

At the outset, we must determine what state's law applies to this case. The district court applied Illinois law to both motions below, without objection from either party. Now on appeal, T.H.E. seeks for the first time to invoke Louisiana law while nonetheless acknowledging that "there is no material difference between Louisiana and Illinois in the interpretation of insurance policies." Because T.H.E. failed to raise this conflict-of-laws dispute below, we refuse to consider it now on appeal. *Belt v. EmCare, Inc.*, 444 F.3d 403, 408 (5th Cir. 2006) ("If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal.") (quoting *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994)). Thus, we apply Illinois law to this dispute.

Under Illinois law, "the rules applicable to contract interpretation govern the interpretation of an insurance policy." *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1003 (Ill. 2010). Accordingly, the primary function of a court in an insurance contract dispute "is to ascertain and give effect to the intention of the parties, as expressed in the policy language." *Id.* If there is no ambiguity in the agreement, it "will be applied as written, unless it contravenes public policy." *Id.* at 1004. Thus, "[t]he rule that policy provisions limiting an insurer's liability will be construed liberally in favor of coverage" applies only in the face of ambiguity. *Id.*

The parties agree that the two policies involved in this case are substantially identical. The policies cover "autos," which the policies define as:

No. 19-30044

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

The policies expressly exclude "mobile equipment" from their definition of "auto." Mobile equipment, in turn, is defined to include, for example, "[b]ulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads." The policies further provide that mobile equipment includes vehicles "maintained primarily for purposes other than the transportation of persons or cargo."

Zoller argues that the Millennium trailer at issue in this case is an "auto" because the contract's definition of auto expressly includes a "'trailer' or semitrailer designed for travel on public roads." T.H.E. and Selective argue to the contrary that the Millennium trailer falls under the exclusion for mobile equipment, specifically the policies' exclusion of vehicles "maintained primarily for purposes other than the transportation of persons or cargo."

We agree with T.H.E.'s and Selective's interpretation of the policies. Although "auto" expressly includes "trailers" under the policies, that definition is subject to the exclusion provided for "mobile equipment." As a result, any of the items enumerated under the definition of an "auto" may nonetheless be excluded, so long as it falls within the definition of "mobile equipment." And we conclude the Millennium trailer falls within this exclusion. The CEO of Schantz manufacturing, the company that manufactured the trailer, testified that the Millennium trailer was built "to solely prepare and cook food off [the] highway." Zoller puts forward no evidence to rebut this proposition, nor does he otherwise undermine the conclusion that the Millennium trailer was maintained "primarily for purposes other than the transportation of persons

4

or cargo." Instead, Zoller argues that the Millennium trailer was mixed-use: it could be used both to prepare food off-road and transport cargo while on the road. However, the question before us is not whether the trailer may be put to more than one use but rather what its *primary* use is. On this question, it is clear that the trailer's primary use is food preparation, not the transportation of persons or cargo.

For similar reasons, we reject Zoller's argument that the Millennium trailer was not mobile equipment because it does not share common characteristics with other types of mobile equipment referenced in the agreement above. Although the Millennium trailer differs from the items listed in certain respects, it plainly falls within the category, expressly provided in the policy, of vehicles "maintained primarily for purposes other than the transportation of persons and cargo." In light of this provision, we will not read ambiguity into the agreement based on the general category of items listed in the preceding paragraphs. Accordingly, the district court did not err in concluding that the Millennium trailer was mobile equipment and therefore excluded from both T.H.E.'s and Selective's policies.

## III.

For the reasons set forth above, the judgment of the district court is AFFIRMED.